# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MYLON MAYFIELD,<br><br>    Defendant. | 8:19CR272<br><br>**ORDER** |

    This matter is before the Court on defendant Mylon Mayfield's ("Mayfield") objections (Filing No. 30) to the magistrate judge's[1] Findings and Recommendation (Filing No. 29) recommending that Mayfield's Motion to Suppress (Filing No. 18) "all evidence obtained as a result of" what he argues was an "illegal stop, arrest, and search of his person on July 16, 2019." Mayfield does not challenge the magistrate judge's factual findings, which he notes are largely based on body-camera footage of Mayfield's encounter with Omaha Police Department officers Jared Grayson ("Officer Grayson") and Jason Barnes (collectively, "officers") and Officer Grayson's testimony at an evidentiary hearing on October 23, 2019.

    Mayfield instead contends the magistrate judge's "legal conclusion that Officer Grayson had the requisite reasonable suspicion to detain and pat down Mayfield, is clearly in error." *See, e.g.*, *Waters v. Madson*, 921 F.3d 725, 736 (8th Cir. 2019) (explaining that a police officer must have a reasonable suspicion of criminal activity "based on the totality of the circumstances" to lawfully "conduct a temporary investigative detention" and probable cause or a warrant to lawfully make an arrest) (citing *Terry v. Ohio*, 392 U.S. 1, 27 (1968)). In Mayfield's view, Officer Grayson stopped and frisked him without a

---

[1]The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

reasonable suspicion of criminal activity and de facto arrested him without probable cause in violation of his Fourth Amendment rights by placing him in handcuffs.

Having conducted a thorough de novo review of Mayfield's objections, *see* 28 U.S.C. § 636(b)(1), the Court finds they are unfounded. The Court agrees with the magistrate judge that the totality of the circumstances facing the officers—including responding to a call of "shots fired" in a high-crime area late at night and finding Mayfield at the scene generally matching the description of the suspect and acting suspiciously—provided a reasonable, articulable suspicion that Mayfield may have been involved in criminal activity and may have been armed and dangerous. *See Terry*, 392 U.S. at 21 ("[I]n justifying [a] particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."). Officer Grayson's brief investigatory stop and frisk did not violate Mayfield's constitutional rights.

The Court likewise rejects Mayfield's assertion that he was de facto arrested as soon as he was handcuffed. "A de facto arrest occurs when the officer's conduct is more intrusive than necessary for a *Terry* investigative stop." *United States v. Sanford*, 813 F.3d 708, 712-13 (8th Cir. 2016) (per curiam). As the magistrate judge noted, the Eighth Circuit has "repeatedly held that police officers may reasonably handcuff a suspect . . . during the course of a *Terry* stop in order to protect their safety and maintain the status quo." *United States v. Smith*, 645 F.3d 998, 1002 (8th Cir. 2011). That is what happened here.

The magistrate judge correctly determined Officer Grayson did not exceed the permissible scope of an investigatory stop and frisk under the circumstances of this case. *See Terry*, 392 U.S. at 30-31. And when Officer Grayson immediately identified and removed the gun in Mayfield's pocket during the frisk, he had probable cause to make an arrest. *Id.*

Based on the foregoing,

IT IS ORDERED:

1. Defendant Mylon Mayfield's objections (Filing No. 30) are overruled.
2. The magistrate judge's Findings and Recommendation (Filing No. 29) is accepted.
3. Mayfield's Motion to Suppress (Filing No. 18) is denied for the reasons stated by the magistrate judge.

Dated this 3rd day of January 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge